

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| ANNA M. RAMIREZ, | ) ) | CASE NO. 14-35967-H3-13 |
| Debtor, | ) ) ) | |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on confirmation of the "Uniform Plan and Motion for Valuation of Collateral" (Docket No. 29) filed by the Debtor in the above captioned Chapter 13 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Anna M. Ramirez ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 31, 2014.

In the instant plan, Debtor proposes to strip the second lien of Mohammad J. Siboyeh as to Debtor's homestead. Debtor asserts that the value of the property is less than the debt secured by the first lien, such that Siboyeh's claim is not supported by value. Siboyeh objects to confirmation, asserting

that the value of the property exceeds the debt secured by the first lien.

Debtor testified that the first lien is serviced by Select Portfolio Servicing, Inc. ("SPSI")  SPSI has not filed a proof of claim in the above captioned Chapter 13 case.  There is a statement from SPSI to Debtor, dated January 15, 2015, identifying the amount owed as $92,345.12, in evidence.  (Siboyeh Exhibit 2).  There is no other evidence of the amount secured by SPSI's lien.  The court finds, for the purpose of confirmation of the instant plan, that the debt secured by SPSI's lien was $92,345.12 as of the petition date.

Debtor testified that she believes the value of the property is $86,000.  She testified that there was damage to the roof when she bought the home.[1]  She testified that, since she has lived there, the home has developed foundation damage, and suffered a pipe leak that destroyed the master bathroom.  She testified that the home sustained damage to the kitchen stove, walls, and a light fixture in a fire on March 26, 2015.

Debtor testified that the cost to replace the roof is $10,000, the cost to fix the foundation is $10,000-20,000, the cost to fix the damage from the pipe leak is $7,000, and the cost to repair the fire damage is $10,000.  She testified that the

---

[1] Debtor testified that she purchased the property with her former husband, Francisco Iglesias.  She testified that she was awarded the property in her divorce from Francisco Iglesias.

home's fence is falling down, and needs $4,000 in repairs.

Debtor testified that homes have sold recently in her neighborhood for prices ranging from $113,000 to $130,000.

Robert Torres, a real estate broker with over 29 years' experience in selling properties in Harris County, Texas, testified that he conducted a comparative market analysis of the property's value approximately two weeks before the hearing on confirmation.  He testified that he found properties similar in type of construction (one story brick on slab), age, square footage, and lot size, within the same neighborhood, to arrive at an average value per square foot for the area.  He then applied that formula to the square footage of Debtor's property, in order to arrive at an estimate of value.

Torres testified that his estimate of the value of the property is $129,000.  He testified that, although the cost of needed repairs to a home does affect the value, the value is not reduced dollar for dollar based on the cost of repairs.  He testified that, often, an adjustment to the price for cosmetic issues and finishes is less than 50 percent of the cost of the renovation.  He testified that, with respect to foundation issues, electrical, and roofing problems, there is a reduction in value based on the needed repair, but the reduction is not always a dollar for dollar reduction based on the cost of repairs.

Conclusions of Law

A Chapter 13 plan generally may modify the rights of creditors holding secured claims. However, under Section 1322(b)(2) of the Bankruptcy Code, the plan may not modify the rights of the holder of a claim secured only by a security interest in a debtor's principal residence. 11 U.S.C. § 1322(b)(2).

In <u>In re Bartee</u>, 212 F.3d 377 (5th Cir. 2000), the Fifth Circuit held that a lien not supported by at least some value in the home is not subject to the antimodification clause in § 1322(b)(2).

In the instant case, on the limited evidence presented, there is not a strong basis on which to evaluate the two estimates of value, or to harmonize them. The court finds that the testimony of both Debtor and Torres was credible, although Torres possesses considerably more experience in determining the value of real property.

Based on the testimony of Debtor as to the range of sale prices for comparable property ($113,000 to $130,000),[2] the testimony of Torres as to the range of reductions for required repairs ("less than 50%" to "not always a dollar for dollar reduction"), and Debtor's testimony as to the cost of repairs

---

[2] The court notes that Torres' comparative market analysis was not offered into evidence at the hearing.

($37,000, including the fire, but not including the fence), the evidence would appear to support a range of values from $76,000 to $130,000.

The court concludes that a reasonable estimate of the value of the property is to apply the midpoint of the range, stated in Debtor's testimony, of unadjusted sale prices, and apply a 50 percent reduction based on the needed repairs. The midpoint of Debtor's range is $121,500. The reduction for the cost of repairs is 50 percent of $37,000, or $19,500. Thus, the court concludes that the total adjusted value of the property is $102,000.

The value of the property exceeds the $92,345.12 addressed in SPSI's mortgage statement. The court concludes that Siboyeh's lien is supported by at least some value, and thus Debtor may not modify Siboyeh's rights under Section 1322(b)(2) of the Bankruptcy Code. The court concludes that confirmation should be denied with respect to the instant plan.

Based on the foregoing, a separate Judgment will be entered denying confirmation.

Signed at Houston, Texas on April 24, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE